UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES E. JONES JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-CV-00397-KAC-DCP |
| | ) |
| CRANETECH, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights ("Complaint") [Doc. 1] and his Application to Proceed In Forma Pauperis [Doc. 6].[1] For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 6**]. Plaintiff shall be allowed to file his Complaint without prepayment of costs. The Court **RECOMMENDS**, however, that the District Judge **DISMISS** the Complaint [**Doc. 1**] in its entirety.

**I.   DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application to Proceed In Forma Pauperis ("Application") with the required detailing of his financial condition pursuant to 28 U.S.C. § 1915(a)(2).[2] Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's

---

[1] Plaintiff also filed two supplements to the Complaint [Docs. 5 and 10] and manually filed two flash drives. The Court has reviewed this material as part of the screening process.

[2] On September 23, 2025, Plaintiff filed his Complaint [Doc. 1] without having prepaid the filing fee or applied to proceed *in forma pauperis*. The Court notified him of the deficiency [Doc. 2], and he submitted the Application with supporting documentation on October 1, 2024 [Doc. 6].

review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed *in forma pauperis*, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and few assets. Considering Plaintiff's Application, it appears to the Court that Plaintiff's economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 6**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF COMPLAINT

Notwithstanding indigence, the Court must also screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). A court "shall dismiss" a case pursued *in forma pauperis* upon determining that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Courts liberally construe the pleadings of pro se litigants but still require the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Boag v. MacDougall*, 454

U.S. 364, 365 (1982) (per curiam). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (setting forth standard for Fed. R. Civ. P. 8(a)(2)). Vague or "'[n]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* The Court need not accept as true conclusory allegations, *id.* at 681, nor those that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (affirming dismissal under 28 U.S.C. § 1915); *see also Denton*, 504 U.S. at 31–32 (explaining that frivolous complaints, "under § 1915(d), [includes] claims describing fantastic or delusional scenarios'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989))).

Plaintiff filed a Complaint [Doc. 1], two supplements [Docs. 5 & 10], and two flash drives with an accompanying notice [Doc. 11].[3] He alleges that "fiber optic camera equipment" has been installed in his residences for the last twenty years as well as in the residences of every person he has known, including his family members [Doc. 1 p. 8]. He claims the equipment is used to track his vehicles, human traffic him and his family, "turn[] the homes into cybersex dens" [*id.*], and "get child pornography and toilet porn" from his home [Doc. 10 p. 1]. He asserts claims of invasion of privacy and involuntary servitude in violation of 18 U.S.C. § 1584 [Doc. 1 p. 4]. He states that the "constant stalking and harassment" has led to car accidents, the loss or destruction of his belongings, and "gotten [him] thrown into Erlanger Mental Hospital . . . kicked out of his home . . . and thrown into jail" [*Id.* at 5]. He names approximately thirty-one Defendants, fourteen individuals and seventeen organizations, all of whom are allegedly involved

---

[3]   In a notice accompany the flash drives, Plaintiff states that the Eastern District of Tennessee is the correct venue "given the fact many of the companies and the individuals involved are well within the jurisdiction of the [C]ourt . . . ." [Doc. 11]. He asks the Court to "multiply [his] claim settlement 20 x the $55,000,000 of Erin Andrews case" [*Id.*]. One flash drive contains around 1,500 documents with broad allegations about human trafficking addressed to state, federal, and international agencies. The other drive has over 4,000 files, including similar documents and media showing cars on the road and planes moving through the sky.

in using the fiber optic equipment to turn homes into cybersex dens [*See generally* Docs. 1, 5, and 10]. He seeks $100,000,000 from each Defendant [Doc. 1 p. 5].

Previously, Plaintiff filed three complaints based on nearly identical facts—the Court dismissed the actions because they were frivolous, failed to state claims, and sought monetary relief from federal agencies with immunity from such suits. *Jones v. FBI*, No. 3:22-cv-36, 2022 WL 2679840 (E.D. Tenn. May 25, 2022); *Jones v. FBI*, No. 3:21-cv-225, 2021 WL 5239586 (E.D. Tenn. Nov. 10, 2021); *Jones v. FBI*, No. 3:22-cv-164, [Doc. 5] (E.D. Tenn. Sept. 6, 2022). The character of the parties distinguishes the present Complaint from the prior ones. Here, Defendants are individuals and organizations who do not enjoy sovereign immunity, unlike the federal agencies named before. But as with the prior pleadings, Plaintiff's Complaint does not furnish a sufficient factual basis for a non-frivolous claim upon which relief can be granted.

First, Plaintiff has no cause of action under 18 U.S.C. § 1584. This provision—which imposes criminal sanctions against a person who practices involuntary servitude—does not provide a civil remedy for a private individual like Plaintiff. *See Buchanan v. City of Bolivar*, 99 F.3d 1352, 1357 (6th Cir. 1996); *Johnson v. Chillicothe Corr. Inst. Warden*, No. 1:10-CV-890, 2011 WL 1831773, at *2 (S.D. Ohio Jan. 13, 2011) (recommending on initial screening that the court dismiss *in forma pauperis* complaint that did not state a claim, in part, because there is no cause of action for alleged violations of 18 U.S.C. § 1584), *report and recommendation adopted*, No. C-1-10-890, 2011 WL 1812255 (S.D. Ohio May 12, 2011).

Second, Plaintiff's factual assertions in this case are too vague and conclusory to demonstrate a claim upon which relief could be granted. Plaintiff presents no facts to enhance otherwise bare assertions that the numerous Defendants placed this equipment in his home and vehicle for pornographic purposes—rendering his claim to relief less than plausible. Plaintiff also sets forth various allegations concerning "stalking and harassment" and the locations of the

4

equipment [Doc. 1 pp. 5, 8–9], which the Court need not credit. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) ("The standard is not whether or not the district court believes the [plaintiff]—rather, it is whether the facts are rational.").

The Court has considered whether it should grant Plaintiff leave to amend his Complaint. Plaintiff filed this action after the Court dismissed his three prior actions premised on the same facts. And Plaintiff has twice supplemented his Complaint. The Court finds that any additional amendment would not cure the deficiencies outlined above. The Court therefore recommends that the District Judge dismiss Plaintiff's Complaint.

The Court recognizes that with this submission, Plaintiff has filed four complaints in three years that share a similar fact pattern—each of which the Court dismissed, either *sua sponte* or on a motion to dismiss, for failure to state a claim. *Jones v. FBI*, No. 3:22-cv-36, 2022 WL 2679840 (E.D. Tenn. May 25, 2022) (dismissing the complaint *sua sponte* at the initial screening process); *Jones v. FBI*, No. 3:21-cv-225, 2021 WL 5239586 (E.D. Tenn. Nov. 10, 2021) (granting defendant's motion to dismiss); *Jones v. FBI*, No. 3:22-cv-164 [Docs. 4–5] (E.D. Tenn. Sept. 6, 2022) (dismissing the complaint *sua sponte* at the initial screening process). Because repetitive, vexatious, or frivolous litigation is an abuse of the legal process, the Court placed Plaintiff on notice that similar filings in future cases may warrant an injunction. *Jones*, No. 3:22-cv-164 [Doc. 5].[4] After the Court's warning, Plaintiff filed the instant Complaint on the same set of facts. This may warrant a review of whether a filing injunction is appropriate.

---

[4] The Court placed Plaintiff on notice that similar future filings may warrant recommending that the Chief District Judge issue an injunction against him. SO-18-04 delegated authority to the Chief District Judge to enter injunctions limiting filings from individuals who had abused the legal process. The Court has since abrogated SO-18-04. *See* SO-24-15.

5

## III.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 6**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[5] because the undersigned **RECOMMENDS**[6] that the Complaint be **DISMISSED** in its entirety.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).