UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES E. JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  3:24-CV-397-KAC-DCP |
| | ) |
| CRANETECH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is (1) United States Magistrate Judge Debra C. Poplin's "Order and Report and Recommendation" (the "Report") [Doc. 12], which recommends that the Court dismiss Plaintiff Charles E. Jones, Jr.'s Complaint [*See* Doc. 12 at 6]; and (2) Plaintiff's objections to the Report [Doc. 13]. Because the Order is not contrary to law, the Court (1) overrules Plaintiff's objections; (2) accepts and adopts the Report; and (3) dismisses this action.

On September 23, 2024, Plaintiff filed a complaint against various Defendants, alleging "Invasion of privacy and Forced Labor and Servitude toilet porn slavery in violation of 18 U.S.C. § 1584" [Doc. 1]. Subsequently, Plaintiff filed various supplemental materials, including additional factual allegations and dozens of supposed "stalking" videos, which include cars driving in traffic and planes flying overhead [*See* Docs. 5, 10, 11(manual thumbdrive on file with the Court)]. Plaintiff claims that various Defendants have installed "IP-based fiber optic camera equipment" in "every residence [he] ha[s] lived in the last 20 years" to stalk him and turn his homes into "cybersex dens," among other similar allegations [*See* Doc. 1 at 8].

The Report recommends dismissing Plaintiff's Complaint because the Complaint fails to state a plausible claim for relief under Section 1584 [*See* Doc. 12 at 4-5]. On March 25, 2025,

Plaintiff filed objections to the Report [Doc. 13]. Plaintiff appears to principally lodge a legal objection to the Report's conclusion that the Complaint, as supplemented, fails to state a plausible claim [*See* Doc. 13 at 1]. Plaintiff also appears to challenge the Report's assessment of the veracity of the Complaint's factual allegations [*See* Doc. 13 at 1-2]. He notes that he is "on disability" and has "been diagnosed with brain damage" [*Id.* at 4]. Even assuming all the facts in the Complaint as supplemented are true, it fails to state a claim for relief.

The Court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews legal conclusions de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted).

Here, the Report did not err in concluding that the Complaint fails to state a plausible claim under 18 U.S.C. § 1584. Congress enacted Section 1584 to "enforce the Thirteenth Amendment." *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1357 (6th Cir. 1996). Section 1584, however, "does not provide a private civil remedy" or imply a cause of action. *Id.*; *see also Smith v. Kentucky*, 36 F.4th 671, 674-75 (6th Cir. 2022).[1] This legal conclusion is

---

[1] In Plaintiff's objections, he references for the first time the Fourth Amendment to the United States Constitution and various Fourth Amendment precedents and doctrines [*See* Doc. 13 at 2-3]. To the extent Plaintiff intends to request leave to raise new Fourth Amendment claims, he fails to comply with the Court's Local Rules. *See* E.D. Tenn. L.R. 15.1. But even assuming any request was procedurally proper, it would still fail as a matter of law. Plaintiff has sued private individuals [*See* Docs. 1, 5, 10]. The Fourth Amendment, however, "restricts government, not private, action." *See, e.g.*, *United States v. Miller*, 902 F.3d 412, 417 (6th Cir. 2020). As such,

2

accurate even if all of the facts in the Complaint, as supplemented, are viewed in Plaintiff's favor. Therefore, the Report is not contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, the Court (1) **OVERRULES** Plaintiff's objections; (2) **ACCEPTS** and **ADOPTS** the Report; and (3) **DISMISSES** this action. An appropriate judgment shall enter.

      SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge

---

"[a] private party who searches a physical space," without more, does not violate the Fourth Amendment. *Id.*